ELENA GRABOL, PETITIONER-PROSECUTRIX, v. BOR-
STEIN ELECTRIC COMPANY AND LUMBERMEN'S MU-
TUAL CASUALTY INSURANCE COMPANY, RESPOND-
ENTS-DEFENDANTS.

Argued January 16, 1945—Decided March 9, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PERSKIE.

For the petitioner-prosecutrix, *Isadore H. Hermann* and
*Albert B. Melnik.*

For the respondents-defendants, *Rocco Palese.*

PER CURIAM.
This is an application for *certiorari* to review a judgment
of the Burlington County Court of Common Plea in the case
of a petition for compensation filed by decedent-employee's
widow under the statute, *R. S.* 34:15–1, *et seq.* The employee,
a salesman in the employ of the defendant company, died in
a tavern at Atsion, New Jersey, where he went in an endeavor
to persuade the tavern proprietor that an electrically operated
beer cooling system which he had installed could be improved
to suit the proprietor's requirements. His family doctor tes-
tified that some weeks before his death the decedent mani-
fested an "auricular fibrillation," *i. e.,* an irregularity of the
heart beat.
The deputy commissioner dismissed the petition, holding
that the burden of proving an accident resulting in death,
which arose out of and in the course of the employment, had
not been sustained. The Pleas, on appeal, affirmed. Applica-
tion for *certiorari* to the Supreme Court Justice in the district
was unsuccessful. *Allocatur* was refused. The application
before us is to the court *en banc.* Thus two competent fact-

finding tribunals have held that the instant case was not in which, under the proofs, the petition could be sustained. A justice of this court has held in effect that no debatable question of law or fact was open in the case and review was denied by him. We are of the same mind. It does not appear that the decedent met his death by accident which arose out of and in the course of the employment. Nothing untoward or out of the ordinary was proved as having occurred at or just preceding the time when the decedent died. To conclude otherwise would be to indulge in sheer speculation. The decedent died while he was in the course of his employment. That is all that appears. Neither his employment nor the duties he performed therein were factors in his untimely death. Compare *Johnson* v. *Ulster Iron Works*, 9 *N. J. Mis. R.* 239; *affirmed*, 109 *N. J. L.* 267.

*Certiorari* is denied.